## TRUBEY v BETZ

Ohio Appeals, 3rd Dist, Mercer Co

No 449  .Decided Nov 6, 1934

Short & Short, Celina, and R. R. Trubey, Lima, for plaintiff in error.

B. A. Myers, Celina, for defendant in error.

## OPINION

By GUERNSEY, J.

From the fact that Wagner, who was the general manager of the loan company, practically took charge of the account which was evidenced by the passbook, and looked after the matter for her father, no inference can arise. that Wagner was authorized to treat the account in any different manner than ordinary passbook accounts were treated or that Wagner had been given any authority to trade the amount owing the defendant in error on the passbook, for the note.

From all the evidence it is clear that at no time prior to the time said tender was made, had there been any meeting of the minds between the said Mary Ellen Betz either acting on her own behalf or through her father, and the loan company, as to the acquisition of said note by her, and that consequently up to the time of such tender no contract existed between her and said loan company for the sale of said note to her, and that title to said note had not then passed to her. This being the case, such title as she acquired to such note must be based on the ratification by her of the acts of Wagner in transferring the note to the special account.

Ratification implies a knowledge of the facts. **1 O. J. 734.** And as she had no knowledge of the facts until long after the Trubey tender, her ratification, if any, was of a date subsequent to the Trubey tender. Third persons have the right to treat an unauthorized act or contract, while it remains unratified, as having no existence whatever. 21 R.C.L. 922. The right of plaintiff in error under his tender having intervened before ratification, such ratification could not have the effect of depriving the plaintiff in error of such right.

The presumption that she was a holder in due course, of the note by reason of the possession of the note at the time the suit was brought, is nullified by the facts as shown by the evidence, as evidentiary presumptions never obtain against facts though they are often allowed to supply proof of facts. Newcomb's Lessee v Smith, Wright's Reports, page 208.

As the defendant in error did not acquire any. title to said note until after maturity and after said tender was made, she acquired it subject to the defense of tendered payment which existed at that time and as the tendered payment was a complete defense against her claim. As the evidence shows the plaintiff in error has a complete defense to the claim and as he made motions for a directed verdict at the close of defendant's evidence and at the close of all the evidence, he is entitled to have the judgment rendered by the lower court reversed and final judgment entered in his favor which will be entered accordingly.

KLINGER, J, concurs.

CROW, PJ., concurs in the judgment of reversal, not on the ground set forth in the foregoing opinion, but for the reason that the verdict is not sustained by sufficient evidence, because the presumption that plaintiff is a holder in due course in connection with the other evidence tending to prove ownership, made a prima facie case upon which plaintiff was entitled to go to the jury.